WILLIAM P. BARR, United States Attorney General
JOHN W. HUBER, United States Attorney (UT Bar #7226)
KEVIN L. SUNDWALL, Assistant United States Attorney (UT Bar #6341)
    Appointed Special Attorney under 28 U.S.C. § 515
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONI RAE BRADY,<br><br>Defendant. | CR-20-132-BLG-SPW<br><br><br><br>FELONY INFORMATION<br><br>COUNT 1: 18 U.S.C. § 1343 (Wire Fraud) |

The United States Attorney General charges:

**BACKGROUND**

At all times relevant to this Felony Information:

1. The Northern Cheyenne Reservation is located within Big Horn and Rosebud Counties, Montana.

2. U.S. Highway 212 runs through the Northern Cheyenne Reservation.

3. From on or before June 2014 to on or about June 2017, officials of the Northern Cheyenne Tribal Court created and implemented an ill-conceived

1

enforcement initiative in an effort to curb commercial truck drivers from speeding on U.S. Highway 212.

4.  The enforcement initiative was problematic for several reasons. First, tribal law enforcement made no efforts to distinguish the alleged speeders between Native American tribal members and non-native Americans. Generally, tribal governments do not have jurisdiction over a non-native person in criminal matters. The Northern Cheyenne Tribal Code classifies speeding as a Class C criminal offense, punishable up to $200.[1]

5.  Second, tribal law enforcement and the tribal court gave commercial truck drivers who received a speeding ticket a choice that was not given to any other speeder: pay the standard $125 fine or make a donation of $250 to a Court Clerk's Fund. Tribal Court officials explained to the truck drivers that if they chose to make the donation, the Tribal Court would dismiss the ticket so it would not affect their driving records. In reality, the Northern Cheyenne Tribe never reported any speeding ticket conviction.

6.  Third, the Tribal Court did not disclose to, nor deposit with the Tribal Finance Office any of the money collected from truckers choosing the donation option, as required by tribal law. Moneys collected from traffic fines are to be

---

[1] Other examples of Class C offenses include indecent exposure, simple trespass, theft valued at less than $100, disorderly conduct, escape, cruelty to animals, and fleeing from police in a vehicle.

spent specifically on the purchase of docket, citation, and record books as well as on tribal police vehicle maintenance. Instead, the Court collected those fines into the Court Clerk's Fund, an account that neither the Tribal Council nor the Tribal Finance Office knew about until the very end of the enforcement initiative.

7. The Court collected more than $24,000.00 in donations to this fund.

8. During this entire time, Defendant RONI RAE BRADY ("BRADY") held office as the Chief Judge for the Northern Cheyenne Tribal Court located in Lame Deer, Montana. Tribal members elected her to serve in this position.

9. During this time and in this environment, BRADY devised a scheme and artifice to defraud the commercial truck drivers and the Northern Cheyenne Tribal Government by having the commercial truck drivers pay improper donations/fines and fees into the fund and then spending the money as she chose fit.

## SCHEME AND ARTIFICE TO DEFRAUD

10. Beginning on or before June 2014 to on or about June 2017, within the Billings Division of the District of Montana, defendant

RONI RAE BRADY

devised a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and omissions of material fact, and

3

attempted to do so, and in execution of the scheme caused interstate wire transmissions as alleged in Count 1 below.

11.     The main object of BRADY's scheme and artifice to defraud the commercial truck drivers and the Northern Cheyenne Tribal Government was to exploit her position as Chief Tribal Judge in order to obtain, control, and spend improperly obtained fines and fees from commercial truck drivers that were not legally owed to the tribe and which she was not authorized or entitled to use.

12.     BRADY accomplished her scheme in two ways. First, as one of the principle tribal officials who developed the commercial truck driver speeding operation, BRADY created the Court Clerk's Fund where the donations/fines from the commercial truck drivers would be kept rather than be turned over to the Tribal Finance Office. She controlled the moneys deposited into the fund. While BRADY granted others access to the fund's moneys, none accessed or spent the money without her prior approval.

13.     From the fund, BRADY authorized a number of expenditures that had no tribal oversight and were used to benefit her, court employees loyal to her, and their families.

14.     The second way BRADY obtained, controlled, and spent tribal money that she was not authorized and entitled to use was by submitting false and fraudulent travel receipts to the Tribal Finance Office. BRADY would alter

receipts of her official travels as Chief Judge to increase the amount of reimbursement the tribe would pay her. By doing so, BRADY obtained tribal money for travel expenses she never incurred.

## COUNT 1
### 18 U.S.C. § 1343
### (Wire Fraud)

15. By reference, paragraphs 1 through 14 above are hereby incorporated as if fully alleged herein.

16. On or about June 10, 2016, in furtherance and execution of the scheme and artifice to defraud described above, BRADY caused the following interstate wire transmission, to wit a blank $250 Arvest Bank money order ending in 0233 received from commercial truck driver victim identified with the initials M.A., originating from Missouri, which money order BRADY made out to herself and redeemed in Montana; all in violation of 18 U.S.C. § 1343.

JOHN W. HUBER
United States Attorney

_/s/ K. Sundwall_
KEVIN L. SUNDWALL
Special Attorney