WILLIAM P. BARR, Attorney General of the United States
JOHN W. HUBER, United States Attorney (#7226)
KEVIN L. SUNDWALL, Assistant United States Attorney (#6341)
    Appointed Special Attorney under 28 U.S.C. § 515
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA, BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-20-132-BLG-SPW |
| --- | --- |
| Plaintiff, | |
| vs. | PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(A and B) |
| RONI RAE BRADY, | |
| Defendant. | |

Pursuant to FED. R. CRIM. P. 11(c)(1)(A and B), the United States of America and defendant RONI RAE BRADY have reached the following agreement: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided a) the United States agrees not to bring further charges against the defendant, and b) makes the recommendations provided

SAUSA    Defendant    Def. Cnsl.    Date 12/3/2020      Page 1

below. The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

1.  **Scope:** This plea agreement is between the United States Attorney's Office for the District of Utah, by way of an appointed Special Assistant United States Attorney to the District of Montana, and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.  **Charges:** The defendant agrees to plead guilty to Count 1 of the Felony Information, which charges wire fraud, in violation of 18 U.S.C. § 1343. Count 1 carries a maximum term of imprisonment of 20 years, a $250,000.00 fine, up to 3 years supervised release, and the Court's special assessment of $100.00.

3.  **Nature of the Agreement:** The parties agree that this plea agreement will be governed by FED. R. CRIM. P. 11(c)(1)(A and B). The defendant acknowledges that the agreement will be fulfilled provided a) the United States agrees not to bring further charges related to the conduct explained below and in the offer of proof, within this time period stated below and as stated in the offer of proof, and b) makes the recommendations defined below. The defendant understands that, if the agreement is accepted by the Court, there will not be an

automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the parties. The defendant agrees to be responsible for complete restitution pursuant to 18 U.S.C. § 3663(a)(3).

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of charges contained in Count 1 of the Felony Information. In pleading guilty to Count 1, the defendant acknowledges:

**First,** the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

**Second,** the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third,** the defendant acted with the intent to defraud, that is the intent to deceive or cheat; and

**Fourth,** the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

5. **Waiver or Rights by Plea:**

   a. The United States has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during

the plea colloquy.

    b.    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

    c.    The defendant has the right to a jury trial unless, by written waiver, the defendant consents to non-jury trial.

    d.    The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

    e.    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualifications is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

    f.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the

| SAUSA | Defendant | Def. Cnsl. | Date |
|---|---|---|---|
| KLC | RB | AH | 12/3/2020 |

Page 4

judge was persuaded of the defendant's guilt beyond a reasonable doubt.

  g. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

  h. At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

  i. If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

  j. The defendant has a right to have the district court conduct the change of plea hearing required by FED. R. CRIM. P. 11. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before,

| SAUSA | Defendant | Def. Cnsl. | Date |
|---|---|---|---|
| *CLS* | *RB* | *AH* | 12/3/2020 |

and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

  k. The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

  l. The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

  m. The defendant understands that if convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

6. **Recommendations:**

  a. The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG § 3E1.1(a), unless the defendant is found to have obstructed justice prior to

---

KLS / RB / [signature] / 12/3/2020
SAUSA Defendant Def. Cnsl. Date   Page 6

sentencing, pursuant to USSG § 3C1.1, or acted in any way inconsistent with acceptance of responsibility.

    b.    The United States will move for an additional one-level reduction, pursuant to USSG § 3E1.1(b), if appropriate under the Guidelines.

    c.    The United States will also recommend to the Court that the defendant receive a sentence equal to the low-end of the U.S. Sentencing Guidelines calculation.

    d.    The parties reserve the right to make any other arguments at the time of sentencing beyond those outlined in this paragraph.

7.    **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.    **Waiver of Appeal of the Sentence – Conditional:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. The prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this agreement the defendant waives the right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the guideline range calculated by the Court,

SAUSA    Defendant    Def. Cnsl.    Date    Page 7

regardless of whether the defendant agrees with that range. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the guideline range calculated by the Court.

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and

| KLS | RB | AS | 12/3/2020 | |
|---|---|---|---|---|
| SAUSA | Defendant | Def. Cnsl. | Date | Page 8 |

understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

**11. Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

**12. Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

| SAUSA | Defendant | Def. Cnsl. | Date 12/3/2020 | Page 9 |

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JOHN W. HUBER
United States Attorney

_____
KEVIN L. SUNDWALL
Special Attorney
Date: 12/3/2020

_____
RONI RAE BRADY
Defendant
Date: 10/27/20

_____
ANTHONY R. GALLAGHER
Federal Defender of Montana
Date: 10/27/20

KLS / RB / AG / 12/3/2020
SAUSA   Defendant   Def. Cnsl.   Date

Page 10