MERRICK GARLAND, United States Attorney General
ANDREA T. MARTINEZ, Acting United States Attorney (UT Bar #9313)
KEVIN L. SUNDWALL, Assistant United States Attorney (UT Bar #6341)
      Appointed Special Attorney under 28 U.S.C. § 515
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RONI RAE BRADY, <br><br> Defendant. | Case #1:20-cr-00132-SPW <br><br> SENTENCING MEMORANDUM <br><br> Judge Susan P. Watters |

Plaintiff, United States of America, by and through its counsel of record,

Kevin L. Sundwall, hereby submits its sentencing memorandum.

### INTRODUCTION

Roni Rae Brady ("Brady"), pleaded guilty to the sole count in the felony

information charging her with Wire Fraud, in violation of 18 U.S.C. § 1343. The

presentence investigation report has calculated an advisory Guideline range of 30-

37 months custody, based on a total offense level of 19 and a criminal history

category of I.  At the time of this offense Brady was serving as the Chief Judge of

the Northern Cheyenne Indian Tribal Court.

## SENTENCING ANALYSIS

Section 3553(a) of Title 18 of the United States Code contains the following directive: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

The Court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, and unwarranted sentencing disparities, and restitution to the victim. 18 U.S.C. § 3553(a)(1), (3) - (7). Section 3553(a) sets forwards additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1),(3). The Court should similarly consider the sentencing guidelines and policy statements, as well as "the

need to avoid unwarranted sentencing disparities." 18 U.S.C. §3553(a)(4),(5),(6).

Finally, the Court should consider "the need to provide restitution to any victims of

the offense." 18 U.S.C. §3553(a)(7).

Perhaps unlike other types of criminal cases, deterrence in white collar cases

is critical. Indeed, Congress specifically recognized the importance of such

deterrence for these types of cases:

> The second purpose of sentencing is to deter others from committing the offense. This is particularly important in the area of white-collar crime. Major white-collar criminals often are sentenced to small fines and little or no imprisonment. Unfortunately, this creates the impression that certain offenses are punishable only by a small fine that can be written off as a cost of doing business.

S. Rep. 98-225, 1984 U.S.C.C.A.N. 3182, 3259.

"Certainly no correctional aims can be achieved where the maximum

sentence imposable is set at such a low level that it can be regarded merely as a

cost of doing business – a cost that may in fact be more than offset by the gain

from the illegal method of doing business." *Id*. at 3289.

"[T]he definite prospect of prison [for economic crime], even though the

term may be short, will serve as a significant deterrent, particularly when

compared with pre-guidelines practice where probation, not prison, was the norm."

USSG Ch. 1 Pt. A(4)(d). Pre-guidelines, "[m]ost judges believe[d] that the

suffering experienced by a white-collar person as a result of apprehension, public

indictment, and conviction as well as the collateral disabilities incident to each –

3

loss of job, revocation of a professional license, diminishment of status in the community – [was] itself a kind of punishment." Stanton Wheeler *et al.*, Sitting in Judgment: The Sentencing of White Collar Criminals at 144-45 (Yale Univ. Press 1988).

The Sentencing Commission's statistics indicated that where white-collar fraud was involved, courts grant probation to offenders more frequently than in situations involving analogous common law crimes; furthermore, prison terms were less severe for white-collar criminals who did not receive probation. To mitigate these discrepancies, the Commission decided to require short but certain terms of confinement for many white-collar offenders, including tax, insider trading, and antitrust offenders, who previously would have likely received only probation. Stephen Breyer, *The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest*, 17 Hofstra L. Rev. 1, 20 (1988). Sentences that outweigh the benefits of crime ensure that defendants are unable to engage in any cost-benefit analysis in determining whether to commit future offenses. Such crimes are therefore deterred. In fact, in discussing financial crimes, the sentencing commission has indicated that as a deterrent to economic crimes a prison term, not probation should be the norm. *U.S. Sentencing Guidelines*, Ch. 1, Pt. A at p. 9.

## SENTENCING RECOMMENDATION

In this case the United States respectfully recommends a sentence of incarceration within the applicable sentencing guideline range.  The United States also requests that the Court impose three years of supervised release and order Brady to pay full restitution to the victims in this case.

As the Chief Judge of the Tribal Court, Brady was entrusted to not only be part of but lead and oversee a criminal justice system that upholds the law.  Her actions in bribing CDL truck drivers caught speeding on tribal land is very serious and flies in the face of the criminal justice system for which she was in a position of leadership.  The expectation was that she would preside over and seek justice against offenders of the law, not bribe individuals.

In promoting respect for the law, again, as the Chief Judge of the Tribal Court she should be held to standards that respect the law and be held accountable for conduct in violation of those standards.

Just punishment for the offense in this case should take into account the applicable sentencing enhancements, the fact that she started this bribery scheme and had others, including law enforcement and her Court Clerk participate, either knowingly, or unknowingly in this bribery scheme.  Moreover, she seriously abused the position of trust which she held.

The sentence in this case should afford adequate deterrence to criminal

conduct.  Brady's conduct was serious and the Court's sentence should serve to deter her, other courts, law enforcement and the general public from engaging in schemes to defraud.  As a Tribal Judge she was often called upon to ensure bad conduct resulted in harsh consequences.  In this case her conduct and a harsh consequence will show that she is held responsible and that people in positions of trust are also held to harsh consequences.

Brady chose on many occasions over several years to exact bribes from truck drivers for speeding on tribal land.  This is a serious offense.  She made a conscious decision while serving as a Judge to bribe these individuals.  Regardless of any justification or rationalization she told herself, she chose to break the law, to use the very criminal justice system for which she was charged to lead, to bribe individuals over which she did not even have jurisdiction, all while overseeing a criminal justice system charged with enforcing the law.

The impact on the Tribal Court Criminal Justice system should be considered by the Court in determining an appropriate sentence, especially in reflecting the seriousness of the offense. The Court system works on trust and a belief that a judge will uphold and enforce the law and not exact bribes, regardless of the rationale behind the bribes.  Her conducted demonstrated no care for the reputation and integrity of the Tribal Court system.

Although the victims' financial losses are certainly not the most significant losses sustained, it is the abuse of her position of trust and the stain left on the Tribal Court system that is most damaging.

When sentencing Brady, her history and characteristics are important. The defendant does not have a criminal history, and she is a criminal history category I. While the Court should certainly consider this in determining what is a sufficient, but not greater than necessary sentence, the Guidelines account for the defendant's lack of criminal history. Further credit is not needed. That Brady is a first-time offender is not atypical. So are approximately half of those who stand convicted of economic offenses in federal court.[1] It is not hard to imagine why she has no criminal history as she would not have been placed in a position of Tribal Court Chief Judge with a criminal background.

The guidelines in this case in particular capture many important attributes of this offense, in particular her abuse of a position of trust and her position in this crime as a leader organizer.  A sentence within the guideline range is appropriate.

While Brady explains that she used the funds to help the community and may liken herself to a Robin Hood of the community – bribing truck drivers and, allegedly, giving these ill-gotten gains to the members of her own community

---

[1] Length of Imprisonment for Offenders in Each Criminal History Category by Primary Offense Category, Fiscal Year 2017 (available at https://isb.ussc.gov/api/repos/:USSC:table_xx.xcdf/generatedContent?table_num=Table14).

while serving in a position of trust as a Tribal Court Judge is not tolerable. In the same way that vigilante justice is not tolerated in society, neither is ripping off society to apparently give these funds to someone else. This is just a way to rationalize her fraud and abuse of her position.  Such rationalization for fraud, even if true, should carry very little weight with this Court.

As discussed above, a sentence imposed by the Court should also provide adequate deterrence and promote a respect for the law. "General deterrence is an important factor in white-collar cases, where the motivation is greed." *United States v. Hayes*, 62 F.3d 1300, 1308 (11th Cir. 2012). "Defendants in white collar crimes often calculate the financial gain and risk of loss, and white collar crime therefore can be affected and reduced with serious punishment." *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (holding that a sentence of seven days' imprisonment was substantively unreasonable where the defendant participated in a securities fraud conspiracy that caused more than $1 billion in losses). "Because economic and fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or opportunity,' these crimes are 'prime candidate[s] for general deterrence.'" *Id.* (quoting in part Stephanos Bibas, *White-Collar Plea Bargaining and Sentencing After Booker,* 47 Wm. & Mary L. Rev. 721, 724 (2005)).

Brady's conduct is serious, and a sentence of incarceration serves to deter her and the general public from engaging in bribery and wire fraud related conduct as well as letting the general public know that Judges that break the law are held accountable.

The government believes that a sentence of incarceration adequately addresses all sentencing considerations and is sufficient, but not greater than necessary.

## RECOMMENDATION

For the foregoing reasons, the United States recommends a sentence of incarceration within the applicable advisory Guideline range as calculated by the Court.

Additionally, the United States requests this Court to order full restitution to the victims of Brady's crime.

Dated this 7th day of April 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

*/s/ Kevin L. Sundwall*
KEVIN L. SUNDWALL
Special Attorney